The caveator was settled upon a tract of appropriated land for many years, and supposed the land now in dispute to be included within his boundaries, when in fact it was not. This possession is stated to have been upwards of twenty-one years. It is now alleged the jury have found an improper verdict in deciding the right of entry to be in the caveatee. It is argued that the caveator is entitled either under the entry laws, the act of limitations, or the act for limiting the claims of the State. We will consider each in its order.
The act of 1777, ch. 1, sec. 16, entitles such as had actually possessed or improved any vacant lands, in preference to all others, to enter and obtain grants for the same, so that such entries be made before the first of January, 1779. Under this act possession gives a right of preemption for a certain time. The right is temporary, and expires if not exerted before the period limited by the act; and the land became free for all persons who may choose to enter and pay for it. He has no rights under this act, for he did not enter within the prescribed time. Then the act of 1778, ch. 7, sec. 2, is relied on, which enacts that persons who have settled within the bounds of a former entry or survey, and have improved and continued in peaceable possession for seven (467) years, without interruption by or from the person claiming, or declaration of right to the person possessed under such entry or survey, the person claiming under such former entry or survey shall be forever barred of his right of entry of the land in question, and preference shall be given to him who settled on and continued peaceable possession of the same, etc., It is argued that a possession of seven years under this act gives a title to the possessor. The object of this clause is to correct the generality of the clause in the act of 1777. By that or former entry or survey in Lord Granville's office entitled the enterer to a preference of entry in ours; and by virtue of such former entry he might turn a man out of possession who perhaps knew nothing of the former entry and had settled upon the land and improved it and never had any intimation or seven years from the former enterer of his pretensions to it. This was *Page 374 
a hardship arising under the former law, and the Legislature meant to alter it by declaring that such possession should entitle the possessor to preemption, rather than the former enterer. They did not intend to give him a property or dominion in the land without entering it and paying for it to the State; and of necessity this right of preemption must be exercised within some limited time, for if it was confined to no limits, he might never enter at all, and might always destroy another's entry by proving his seven year's possession, and so hold the land always, without either entering it or paying for it. This act was made in January, 1779, but was intended to regulate disputes that had arisen or might arise under the former act, and to empower juries to decide in favor of possession where the former enterer had entered in the new office before 1 January, 1779, or where the possessor had entered before that time; for no dispute could arise where the possessor had entered or might enter after 1 January, 1779, the former enterer having made no claim before. The words "which may hereafter arise" refer to disputes to arise upon caveats to be entered, or suspensions upon claims then already entered. If, therefore, the possessor for seven years, who had a right of preemption, did not exert that right before the time limited by the former act, it expired. The former enterer is forever barred to claim by virtue of his former entry; but he, as well as any other citizen, might set upon a new claim, as for lands open to be entered by every citizen (468) indifferently. The caveator has no right, then, under this act; he has not claimed in due time.
It is next contended he has title under the act of limitations, 1715, ch. 27, sec. 3: "No person nor persons, nor their heirs, which shall hereafter have any right or title to any lands, tenements or hereditaments, shall thereunto enter or make claim but within seven years after his, her, or their right or title which descend or accrue; and in default, he shall be utterly excluded and disabled from any entry or claim thereafter to be made." The act of limitations was made to quiet disputes arising between different patentees of the same land, and those claiming under them. It supposes the land to have been already appropriated. It never speaks when the question concerns vacant lands. The preamble shows it was never intended to operate against the King or the Lords Proprietors. The right or title to be barred by a neglect to enter within seven years is a right or title which by the common law may be preserved by entry — a juspossessionis derived under some grant of appropriation; a right totally distinct from the jus preemptionis created by the entry laws. The latter is acquired by the circumstances mentioned in the entry laws, and is lost by not being executed in due time. The former is acquired originally by grant actually issued, and is continued and transmitted down *Page 375 
by mesne conveyances or descents, and may be lost by seven years adverse possession of another. The land now in dispute never was appropriated, and, therefore, neither of the parties can acquired or lose any right under the act of limitations.
It is next argued that the caveator has title under the act of 1791, ch. 15: "Where any person or persons, or those under whom he or they claim, shall have been or shall continue to be in possession of any lands, tenements or hereditaments, under titles derived from sales made either by creditors, executors, or administrators of any person deceased, or by husbands and their wives, or by endorsement of patents or other colorable title, for the space of twenty-one years, all such possessions under such titles shall be and are hereby ratified, confirmed, and declared to be a good and legal bar against the entry of any person or persons under the right or claim of the State, etc., provided the possession so set up shall have been ascertained and identified under known and visible lines and boundaries." Before this act persons whose lands had been actually surveyed and marked, and who had obtained patents which had been lost, and no registration of them to be found, were liable to be turned out of possession, and in some instances had actually (469) lost their lands by persons who entered claims for them as vacant lands, though there was every reason to suppose from the length of possession, and from the visible boundaries claimed, that the lands had once been appropriated. The act of limitations was no protection to such persons, and justice required for their safety that some length of possession under such circumstances should be taken as evidence of a former appropriation and grant, and should bar the State and those claiming under it. To this end the act was made. It never applies but where the circumstances of twenty-one years possession, and known and visible boundaries, induce a presumption of a former grant. This act is bottomed upon that presumption. It operates upon the supposition of a former grant now lost, and not otherwise. In the present case it is admitted on both sides that the lands in dispute are vacant lands. They cannot, therefore, be a subject for the operation of this act, and consequently the caveator can have no title under it.
Cited: Fitzrandolph v. Norman, 4 N.C. 576; Graham v. Houston,15 N.C. 235. *Page 376